# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>NEAL TODD SHOWN,<br><br>    Defendant. | Case No. CIV-15-478-RAW |

## ORDER & OPINION[1]

Plaintiff filed its Complaint in this action on December 8, 2015, seeking declaratory judgment regarding its rights and obligations under a policy it issued to Defendant. On November 18, 2014, Defendant's home was destroyed by a fire. At the time of the fire, there was in effect between the parties a homeowner's insurance policy.[2] Defendant submitted a claim. Plaintiff alleges and Defendant admits that on or about February 12, 2015, it paid Defendant's public adjuster $5,000 as an advance on Defendant's claim. Docket No. 3, p. 3; Docket No. 20, p 2. Plaintiff alleges and Defendant admits that on or about the same date, Defendant submitted estimates for the dwelling and personal property without any appraisal, receipts, photographs or other documentary proof to support the estimates.[3] Docket No. 3, p. 4; Docket No. 20, p. 3.

---

[1] For clarity and consistency herein, when the court cites to the record, it uses the pagination assigned by CM/ECF.

[2] The policy provided up to $850,000 in coverage for the dwelling, $412,000 for personal property and $85,000 for additional living expenses. The policy also included a $5000 property deductible. Docket No. 3, Exh. 1, p. 4. See also Docket No. 3, p. 3 and Docket No. 20, p. 2.

[3] Defendant asserted the replacement cost of the dwelling was $965,050, the actual cash value of the dwelling was $868,545, debris removal was $18,414.50, the replacement cost of

1

Plaintiff alleges that on March 10, 2015, it paid Defendant $598,432.16 for the dwelling.[4] Plaintiff alleges and Defendant admits that Defendant's adjuster provided portions of Defendant's bank records and a revised personal property list on April 20, 2015, but that Defendant has yet to submit any receipts, photographs or other documentary evidence.[5] Docket No. 3, p. 5; Docket No. 20, pp. 3-4. Plaintiff alleges that at various times since the fire, Defendant has submitted hotel and restaurant receipts in support of his "additional living expenses" claim, but that its investigation has revealed that Defendant's living expenses have not exceeded his pre-loss living expenses.

Plaintiff alleges that since the fire, Defendant has knowingly made material misrepresentations, concealed material facts and/or engaged in fraudulent conduct in connection with the presentation of his claims. Plaintiff seeks a declaratory judgment that through his fraudulent conduct, Defendant voided the homeowner's policy and that denial of his claims therefore is proper. Plaintiff further seeks, *inter alia*, judgment entitling it to recover from Defendant the amounts paid for those claims, the amounts it expended on investigation and evaluation and the attorney fees and costs expended on this litigation.

On February 17, 2016, Defendant filed a Counterclaim, alleging breach of contract and bad faith. Defendant argues that he performed all conditions precedent to recovery under the policy and that Plaintiff breached the policy and acted in bad faith by not paying the full amount he requested.

---

personal property was $474,466.46 and the actual cash value of the personal property was $359,692.98. Docket No. 3, p. 4; Docket No. 20, p. 3.

[4] This amount represented Plaintiff's $594,000 actual cash value evaluation and $9,432.16 for debris removal, less Defendant's $5000 deductible. Docket No. 3, p. 4. Defendant denies this allegation and demands "strict proof." Docket No. 20, p. 3.

[5] Defendant upped his actual cash value estimate of his personal property to $373,849.16. Docket No. 3, p. 5; Docket No. 20, p. 3.

Now before the court are Plaintiff's motion pursuant to Fed. R. Civ. P. 12(f) to strike Defendant's breach of contract counterclaim [Docket No. 30] and motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Defendant's bad faith counterclaim [Docket Nos. 32].

*Motion to Strike the Breach of Contract Claim*

Plaintiff urges this court to strike Defendant's breach of contract claim as violative of Fed. R. Civ. P. 12. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff argues Defendant's breach of contract claim is "wholly redundant," a waste of the court's time and resources and would confuse the issues at trial. Plaintiff argues that its declaratory judgment action has covered all of the necessary issues. The court is befuddled by Plaintiff's argument. If the claim is redundant and subsumed by Plaintiff's action, then it would not confuse the issues at trial. Conversely, if the claim would confuse the issues at trial, then it must not be redundant.

In fact, Defendant's breach of contract claim is neither redundant, nor will it confuse the issues or waste the court's time and resources. Defendant's counterclaim simply affords him an avenue for recovery should the court find in his favor. In this court's discretion,[6] it hereby denies Plaintiff's motion to strike Defendant's breach of contract claim.

*Motion to Dismiss the Bad Faith Claim*

Next, Plaintiff urges the court to dismiss Defendant's bad faith claim for failure to state a claim. For purposes of Plaintiff's motions to dismiss, the court accepts as true all of the factual allegations in the Defendant's Counterclaim and construes those facts in the light most favorable to Defendant. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284

---

[6] See Lane v. Page, 272 F.R.D. 581, 587 (D. N.M. 2011) (citing 5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1382) (3d ed. 2004)).

(10th Cir. 2008).[7] To survive the motions to dismiss, the Counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Defendant must nudge his "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

> [T]he Twombly / Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do. In other words, Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the [Plaintiff] fair notice of what the claim is and the grounds upon which it rests.

Burnett v. Mortgage Elec. Registration Sys., Inc., 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (emphasis added)).

In Defendant's Answer and Counterclaim, Defendant admits paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 35 and 39 of Plaintiff's Complaint. Defendant then adds 15 paragraphs of his own. Defendant alleges, *inter alia*, that he filed a sworn proof of loss statement as to the cost of his dwelling and his personal property and that throughout the claim process he submitted receipts supporting his additional living expenses claim. He alleges that he "performed all conditions precedent to recover under the insurance policy" and that Plaintiff acted in bad faith in its refusal to pay the amounts he requested.

Plaintiff argues that Defendant has failed to meet the Twombly standard, as he did not properly incorporate previous passages of his Answer and Counterclaim under the heading "bad

---

[7] Of course, the court does not accept as true conclusory statements or legal conclusions. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

faith." The court is not convinced. Defendant included sufficient factual matter accepted as true in his Counterclaim to state a claim for relief. Plaintiff's motion is hereby denied.

*Conclusion*

For the reasons set forth above, the motion to strike count one of the Counterclaim [Docket No. 30] is hereby DENIED. The motion to dismiss count two of the Counterclaim [Docket No. 32] is hereby DENIED.

**IT IS SO ORDERED** this 10th day of May, 2016.

Ronald A. White
United States District Judge
Eastern District of Oklahoma